```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                    EASTERN DIVISION
```

**LEANTRA HARPER,**

        **Plaintiff,**

   vs.                                     **Civil Action 2:14-cv-986**
                                                **Magistrate Judge King**

**DEPARTMENT OF THE ARMY**
**HUNTINGTON DISTRICT, CORPS OF**
**ENGINEERS,**

        **Defendant.**

## OPINION AND ORDER

This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, in which plaintiff, acting as the representative of a group of concerned citizens, seeks information regarding horizontal hydraulic fracturing in the Muskingum Watershed Conservancy District. This matter is now before the Court, with the consent of the parties pursuant to 28 U.S.C. § 636(c), for consideration of plaintiff's *Motion to Compel Preparation of a Vaughn Index* ("*Plaintiff's Motion*"), Doc. No. 2. *Plaintiff's Motion*, which was filed on the same day as the *Complaint*, seeks

> an itemized, indexed inventory of every agency record or portion thereof responsive to Plaintiff's request which Defendant asserts to be exempt from disclosure, accompanied by a detailed justification statement covering each refusal to release records or portions thereof in accordance with the indexing requirements of *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974).

*Plaintiff's Motion*, p. 1. Defendant opposes *Plaintiff's Motion*, arguing that there is no basis to compel preparation of a *Vaughn* index at this stage of the litigation. *Defendant's Memorandum in Opposition*

*to Plaintiff's Motion to Compel Preparation of a Vaughn Index*, Doc. No. 11.

"[U]nder the FOIA an agency must disclose all records requested by 'any person,' 5 U.S.C. § 552(a)(3), unless the information sought falls within one of the nine enumerated exemptions listed in section 552(b)." *Vaughn v. United States*, 936 F.2d 862, 865 (6th Cir. 1991). In the case presently before the Court, defendant asserts that it has properly withheld documents pursuant to the exemptions in 5 U.S.C. § 552. *Defendant Department of the Army, Huntington District, Corps of Engineers' Answer to Plaintiff's Complaint*, Doc. No. 12, p. 3.  It is defendant's burden "to demonstrate . . . that the materials sought may be withheld due to an exemption." *Vaughn*, 936 F.2d at 866 (citing *Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 n.3 (1989)).

A "*Vaughn* index" is "a document-by-document index, specially prepared for litigation purposes, in which the agency describes the contents of its records and the reasons why each of the disputed items is claimed to be exempt from disclosure." *Dickerson v. Dep't of Justice*, 992 F.2d 1426, 1429 n.2 (6th Cir. 1993).  There is "no hard and fast rule" with respect to when a *Vaughn* index is required.  *Id*. at 1431 (citing *Vaughn*, 936 F.2d at 867).

> The government must provide evidence that enables the court to make a reasoned, independent assessment of the claim of exemption.  Whether that evidence comes in the form of an *in camera* review of the actual documents, something labelled [sic] a "Vaughn Index," a detailed affidavit, or oral testimony cannot be decisive. The ultimate goals remain to "(1) assure that a party's right to information is not submerged beneath government obfuscation and mischaracterization, and (2) permit the court system

2

> effectively and efficiently to evaluate the factual nature of disputed information."

*Vaughn*, 936 F.2d at 867 (quoting *Vaughn*, 484 F.2d at 826).  "[N]o particular method of achieving those requirements is mandated.  A court's primary focus must be on the substance, rather than the form, of the information supplied by the government to justify withholding requested information."  *Id*. at 866.

Considering the foregoing, the Court concludes that a *Vaughn* index is not appropriate at this juncture.  First, a *Vaughn* index is not required in every case, *see id.; Kurz-Kasch, Inc. v. Dep't of Def.*, 688 F. Supp. 311, 313 (S.D. Ohio 1987) ("[A *Vaughn* index] is merely a technique utilized to assist the Court when necessary and should not be applied per se in every FOIA case."), and plaintiff has offered no explanation as to why an index is necessary in this case.  Moreover, the government has not yet supplied information to justify withholding the requested information, and it will not be required to do so until April 2015 when dispositive motions are due.  It is therefore not evident whether a *Vaughn* index will be necessary for the Court to make a reasoned, independent assessment of defendant's claim of exemption.  As noted *supra*, the Court's "primary focus must be on the substance, rather than the form, of the information supplied by the government to justify withholding requested information."  *Vaughn*, 936 F.2d at 866.  The Court therefore concludes that it would be improper to compel production of a *Vaughn* index in this case prior to

3

the government having the opportunity to establish that an exemption applies.

 Accordingly, *Plaintiff's Motion*, Doc. No. 2, is **DENIED**.


November 24, 2014         *s/Norah McCann King*
                 Norah M<sup>c</sup>Cann King
              United States Magistrate Judge